```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____
                                       )
JOAO PAULO DA SILVA,                   )
                                       )
                    Petitioner,        )
                                       )
v.                                     )   Civil Action
                                       )   No. 26-cv-10244-PBS
ANTONE MONIZ, Superintendent,          )
Plymouth County Correctional           )
Facility, et al.,                      )
                                       )
                    Respondents.       )
_____ )

## ORDER

January 27, 2026

Saris, J.

On January 21, 2026, Petitioner Joao Paulo Da Silva ("Petitioner") filed a habeas petition under 28 U.S.C. § 2241 to challenge his immigration detention without a bond hearing. Upon review of the petition, the Court ordered the government to "file a status report" by January 23, 2026, "stating whether it disputes that Petitioner is a member of the . . . class" in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass. Sep. 18, 2025), "and is entitled to a bond hearing under the Court's declaratory judgment in that case." Dkt. 6.

The government has neither submitted this status report nor filed an answer to the habeas petition by the Court-ordered deadline of January 26, 2026. See Dkt. 4. Because the government

1

has not disputed Petitioner's membership in the Guerrero Orellana class, the Court concludes that Petitioner is entitled to a bond hearing pursuant to the declaratory judgment in that case. See Unión de Empleados de Muelles de P.R., Inc. v. Int'l Longshoremen's Ass'n, AFL-CIO, 884 F.3d 48, 58 (1st Cir. 2018) (explaining that a "declaratory judgment is binding on the parties before the court and is res judicata in subsequent proceedings as to the matters declared" and, thus, "can be used by a party to later obtain further relief" (quoting Am. Airlines, Inc. v. Cardoza-Rodriguez, 133 F.3d 111, 122 n.11 (1st Cir. 1998))).

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** that the government release Petitioner unless he is provided with a bond hearing that complies with the standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven business days of the date of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge